

RECEIVED
JUN 23 2008
Clerk, U.S. District Court
Anchorage, A.K.

NELSON P. COHEN
United States Attorney

KAREN LOEFFLER
Assistant U.S. Attorney
ANDREA T. STEWARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
andrea.steward@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:04-cr-00130-JWS-JDR |
| ) | |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT** |
| v. ) | |
| ) | |
| FAIRPORT SHIPPING LTD., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

I.  **TERMS OF AGREEMENT, RULE 11, WAIVER, BREACH, CONDUCT**

    A.  **Terms of Agreement**

The defendant, FAIRPORT SHIPPING LTD., agrees to plead guilty to Count 4 of the indictment in this case. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

    B.  **Federal Rule of Criminal Procedure 11**

Under the terms of this agreement the defendant will plead guilty to Count 4 of the indictment charging the defendant with a failure to maintain an accurate oil record book in violation of 33 U.S.C. § 1908(a) and 33 C.F.R. § 151.25(a) and (h). Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(C) will control this plea agreement. Thus, the parties may only withdraw from this agreement if the Court deviates from the sentencing recommendations made by the parties as outlined below.

### C.  Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### D.  Breach

The parties agree that if the Court rejects this agreement in its entirety or partially, for any reason whatsoever, the defendant shall be free to withdraw from this agreement. If the Court finds that the defendant has breached this agreement, or if the defendant's guilty plea is rejected, withdrawn, set aside, vacated or reversed, at any time, the United States will be free to prosecute the defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

### E.  Full Description of Conduct

This Agreement does not limit the rights of any party to provide the Court or the United States Probation Office with a full description of the Defendant's conduct, correct inaccuracies at any time, or speak at the time of sentencing consistent with the recommended provisions set forth in the Agreement. The parties agree to allocute at sentencing in favor of the joint recommendation regarding the appropriate sentence, as set forth in this agreement.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

The defendant agrees to plead guilty to Count 4 of the indictment charging a failure to maintain an accurate oil record book in violation of 33 U.S.C. § 1908(a) and 33 C.F.R. § 151.25(a) and (h).

### B. Elements

The elements of the charge to which the defendant is pleading guilty are as follows:

1. When in a port of the United States, the defendant failed to maintain an accurate oil record book;

2. the oil record book was for a ship subject to oil discharge regulations, specifically in this case, a non-oil tanker of 400 gross tons or more;

3. the defendant acted knowingly.

### C. Factual Basis

The defendant admits the truth of the allegations in Count 4 of the indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

The M/V Asahi is a 400-ton, non-tanker cargo ship. At all times charged in the Indictment, the M/V Asahi was operated as a cargo ship transporting fish products from Alaska to the far east by the defendant FAIRPORT SHIPPING LTD. Large vessels like the M/V Asahi produce quantities of waste oil as a result of the operation of machinery in the engine room. This oil ends up as bilge waste and is then collected and run through various processes designed to separate the oil and other wastes from the water. These processes include, among others, an oil water separator, which is a pollution prevention device designed to remove or separate out oil.

An oil water separator requires maintenance, cleaning, and/or the replacement of its filters and membranes on a regular basis. Bilge water containing less than fifteen parts per million of oil may be discharged overboard after passing through the oil water separator. The oil removed from the bilge water, along with other waste oils from the ship, is stored in waste oil tanks. Also, ships accumulate sludge through purifying heavy fuel oil. On some ships, it may be possible to burn some portion of this sludge in incinerators. Oil contaminated bilge waste and other waste oils, including sludge, may be unloaded while the vessel is in port and properly disposed of on shore.

On or about late February 2002 through March 6, 2002, at Dutch Harbor, the defendant, by and through its employees, knowingly and willfully used and caused the use of a record book containing materially false statements and entries in a matter with the jurisdiction of the U.S. Coast Guard. During this time frame the U.S. Coast Guard conducted a vessel examination of the engine room of the M/V Asahi after it arrived at the port in Dutch Harbor, Alaska. The U.S. Coast Guard discovered a 'by-pass' hose. The bypass hose was a seven-foot section of plastic hose that was fitted with flanges that can be attached to waste oil piping on one end and the overboard discharge valve of the vessel on the other end so as to bypass the oil water separator and pump oil waste directly overboard from the bilge and waste oil storage tanks in excess of the allowable 15 parts per million of oil.

The plastic hose was used to illegally discharge oily waste water overboard from the M/V Asahi en route to Dutch Harbor from Tokyo. During that voyage on at least 2 occasions the hose was used to pump bilge water containing oily waste and sludge directly overboard without first separating out the oil. The Chief Engineer never used the oil water separator and he entered false statements in two oil record books maintained on the M/V Asahi stating that the oil water separator had been used and falsifying the amounts of sludge that were

burned. The oil record books containing the false entries were presented to the U.S. Coast Guard during the examination in the port at Dutch Harbor, including an oil record book with false entries during the time period from December 31, 2001, to March 5, 2002. The false entries were material to the enforcement and regulatory duties of the United States Coast Guard as the oil record books are required by law to be maintained and available for inspection at every port.

### D.  Statutory Penalties and Other Matters Affecting Sentence

#### 1.  Statutory Penalties

The statutory penalties applicable to the charge to which the organizational defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 4

1) $500,000 fine;

2) five years probation;

3) a $400 mandatory special assessment.

2.	**Other Matters Affecting Sentence**

   a.	**Conditions affecting the defendant's sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 2) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1. At this time, the parties to this agreement do not believe that restitution is required or appropriate in this matter.

   b.	**Payment of Special Assessment**

The defendant agrees to pay the special assessment in the amount of $400 on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

III.	**JOINT SENTENCING RECOMMENDATION**

   A.	**Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory

maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G. The parties agree that pursuant to U.S.S.G. § 8C2.1 (commentary) and § 8C2.10 of the U.S.S.G. that pertain to the sentencing of organizations, the Sentencing Guidelines do not determine fine range in environmental cases, but rather leave such determination to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3553, 3571, and 3572.

**B.    Sentence Recommendation**

1) The parties agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that a fine of $250,000 is an appropriate disposition of this matter with $100,000 being paid in accordance with the terms of this agreement and $150,000 to be suspended subject to the Court making an assessment up to that amount if the defendant violates probation. If defendant abides by the terms of probation, the suspended amount shall be deemed forgiven.

2) The parties agree that the secured funds currently held in connection with the investigation of this case, approximately $250,000, will be released following payment of the fine in this case.

3) The parties agree that the appropriate period of probation in this matter is two years commencing from the date of sentencing.

Plea Agreement
3:04-cr-00130-JWS-JDR
9

### C. Corporate Authorization

One week prior to the execution of this plea agreement the defendant will provide to the U.S. Attorney's Office and to the Court written evidence, in the form of a notarized resolution of its Board of Directors, certifying that defendant is authorized to plead guilty to Count 4 of the Indictment in this case, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that either 1) an individual identified by the corporate resolution or, 2) Michael Chalos and/or 3) any other licensed attorney from Chalos, O'Connor & Duffy is authorized to take these actions and that all corporate formalities, including but not limited to, approval by defendant's directors, required for such authorization have been observed.

The defendant agrees that Michael G. Chalos and/or any other licensed attorney from Chalos, O'Connor & Duffy, or any licensed Alaska attorney that may be designated as counsel, will be authorized to appear on its behalf, to enter guilty pleas and to represent them for imposition of sentence.

### IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

#### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear on the defendant's behalf.

### B. Appellate Rights

The defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties—as set forth in section II.D above in this agreement—the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes; including terms or conditions of probation, and any fines, community service or restitution.

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence—including terms or conditions of, and any fines, community service, or restitution—the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel, based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

V.  **ADDITIONAL AGREEMENTS BY UNITED STATES**

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees to dismiss the remaining counts of the indictment as they relate to this defendant following imposition of the defendant's sentence. Further, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

VI.  **ADEQUACY OF THE AGREEMENT**

Pursuant to Local Criminal Rule 11.2 (d)(7) and (9), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be

applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT

On behalf of the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at the entry of plea hearing to tell the truth, do hereby state the defendant's agreement to and understanding of this plea agreement as follows:

**A.** The defendant wishes to enter a plea of guilty to Count 4 of the Indictment filed in this case in which the defendant is charged with failure to maintain an accurate oil record book in violation of 33 U.S.C. § 1908(a) and 33 C.F.R. §§ 151.25(a) and (h).

**B.** The defendant's attorney has explained the charges to which the defendant is pleading guilty and the necessary elements, and the consequences of the plea.

**C.** The defendant is admitting that the allegations against the defendant in Count 4 of the Indictment and the factual basis for the defendant's plea are true.

**D.** The defendant understands that by pleading guilty it gives up and waives the following rights:

- -- The right to plead not guilty or to persist in that plea if it has already been made;

- -- The right to a speedy and public trial by a jury on the issue of guilt;

- -- The right to object to the composition of the petit jury;

- -- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- -- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent the defendant at trial—the defendant understands it is not waiving the right to have counsel represent the defendant during the sentencing phase of the case;

- -- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear on the defendant's behalf.

E. The defendant is fully aware that if the defendant were convicted after a trial and sentence were imposed on the defendant thereafter, the defendant would have the right to appeal any aspect of the conviction and sentence.

Plea Agreement
3:04-cr-00130-JWS-JDR

15

Knowing this, the defendant voluntarily waives the right to appeal its conviction. Furthermore, the defendant also knowingly and voluntarily agrees to waive the right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the Court imposes a sentence within the parameters of this agreement. Furthermore, the defendant knowingly and voluntarily waives the right to collaterally attack any aspect of the conviction, judgment or sentence, except for a challenge based upon ineffective assistance of counsel, based on defenses not now known by the defendant and which, in the exercise of due diligence, could not be known the defendant by the time the Court imposes the sentence, which affected either the guilty plea or the sentence imposed by the Court. The defendant is fully satisfied with the representation given by its attorney. The defendant has discussed all possible defenses to the charges with its attorney. The defendant's attorney has investigated the case and followed up on any defenses and issues the defendant has raised with him to the defendant's satisfaction and has taken the time to fully explain the legal and factual issues involved in the defendant's case to the defendant's satisfaction. The defendant and its attorney have discussed how the United States Sentencing Commission Guidelines have a limited application in this case, as well as the statutes applicable to the defendant's offense and any other factors that will affect the sentence calculation in this case.

Plea Agreement
3:04-cr-00130-JWS-JDR

16

**F.** The defendant further understands that if the defendant pleads guilty, there will not be a trial and that the Court will ask me under an oath to answer questions about this offense on behalf of the defendant. I understand that I may be prosecuted if I make false statements or give false answers.

**G.** The defendant understands that it has a right to plead not guilty and that no one can force the defendant to plead guilty. If anyone, including the defendant's attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter the defendant's plea.

**H.** The defendant understands that the Court has the ultimate discretion to either accept or reject this plea agreement. The defendant understands that it will only be allowed to withdraw from this agreement if the Court deviates from the sentencing agreement made between the parties.

**I.** The defendant understands that anything that it discusses with its attorney is privileged and confidential, and cannot be revealed without the defendant's permission. Knowing this, the defendant agrees that this document will be filed with the Court.

**J.** This document contains all of the agreements made between the defendant and the United States regarding the defendant's plea. There are no

other promises, assurances, or agreements between the parties that have affected the defendant's decision to change its plea or to enter into this agreement. If there were, I would so inform the Court. The defendant understands that if the Court rejects this agreement in whole or in part, it will be free to withdraw from this agreement. If the Court finds that the defendant has breached this agreement, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case and any charges not brought as a result of this agreement.

**K.** I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter a plea on behalf of the defendant. The defendant enters into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty on behalf of the defendant to Count 4 of the indictment filed in this case in which the defendant is charged with a failure to maintain an accurate oil record book in violation of 33 U.S.C. § 1908(a) and 33 C.F.R. § 151.25(a) and (h).

[Signatures on following page.]

DATED: May 28, 2008

_____
AUTHORIZED REPRESENTATIVE
On behalf of the Defendant
GEORGE SAKALIS
PRESIDENT/DIRECTOR

    As counsel for the defendant, I have discussed with the defendant the terms of this plea agreement, have fully explained the charges to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of these pleas. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the competency of the defendant to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter plea of guilty, I will immediately inform the Court.

DATED: May 28, 2008

_____
MICHAEL G. CHALOS
Attorney for the Defendant

    On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: _____

_____
KAREN L. LOEFFLER
Assistant U.S. Attorney
District of Alaska

Plea Agreement
3:04-cr-00130-JWS-JDR

19

DATED: _____

ANDREA T. STEWARD
Assistant U.S. Attorney
District of Alaska


DATED: _____

NELSON P. COHEN
United States Attorney
District of Alaska